[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPEAL OF DECISION OF MOTOR VEHICLE COMMISSION
This is an appeal from a decision of the Commission of Motor Vehicle suspending the operator's license of the plaintiff for a period of six months upon an administrative law judge's determination after hearing, that the plaintiff refused to submit to a chemical alcohol test pursuant to C.G.S. 14-227b. CT Page 123
The administrative law judge (adjudicator) was obliged to make certain findings to substantiate his order of suspension of the plaintiff's operator's license. He determined that (1) the police officer had probable cause to arrest the plaintiff for operating a motor vehicle while under the influence, (2) the plaintiff was placed under arrest; (3) the plaintiff refused to submit to a chemical test, and (4) the plaintiff was operating the motor vehicle.
The only determination seriously challenged by the plaintiff is the finding of refusal by the adjudicator.
Judicial review of the adjudicator's action is limited in scope. It is not the function of the court to retry the case or to substitute its judgment for that of the "Commissioner". Buckley v. Muno, 200 Conn. 1.
The plaintiff has the burden of proving that his substantial rights have been prejudiced; that the decision, inter alia, was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or was arbitrary, capricious or was an abuse or clearly unwarranted exercise of discretion. C.G.S. 4-182(g)(5); Lawrence v. Kozlowski, 171 Conn. 705, 713.
The salient facts are virtually undisputed. The plaintiff, Peter Hopwood, was arrested on April 1, 1988 by State Police Officer, Mario Rosa and charged with driving under the influence of alcohol. (C.G.S. 14-227a). Officer Rosa advised the plaintiff of his constitutional rights and further advised him of the consequence of refusing to submit to a chemical test.
It appears from the record, that the plaintiff initially determined that he did not wish to contact a lawyer and agreed to take the chemical test. The record is not clear as to the time frame or as to the actual sequence of events, but apparently, Trooper Rosa and/or Trooper Edwards again advised the plaintiff of the consequences of refusing the test.
At some point in time, the plaintiff remarked that several of his friends told him it was always better to refuse the test. Again it is not clear whether this remark preceded the first or second advisement. In any event, the plaintiff decided not to take the test after having originally indicating his consent to do so.
The plaintiff has offered a somewhat novel argument that somehow the State Troopers, in particular, Officer Rosa, CT Page 124 exceeded their obligation to advise the plaintiff of his rights, by restating those rights a second time to the plaintiff. The plaintiff argues that the second advisement was unnecessary and therefore prejudiced the plaintiff's substantive rights because it served as an inducement to cause the plaintiff to withdraw his consent which he would not have otherwise done. In substance, the plaintiff appears to be claiming that he was coerced, albeit subtlely, into changing his mind and his failure to submit to the test was therefore involuntary and thereby does not constitute a refusal as contemplated by the statute.
A review of the record does not permit the court to conclude that the adjudicator's finding of refusal was unsupported by the evidence. The testimony at the hearing does not reveal any suggestion of coercion, blatant or subtle, on the part of the Troopers so as to require the adjudicator to make a finding that the plaintiff's eventual refusal to submit to testing was anything but voluntary.
The facts are clear that the plaintiff did not submit to the chemical test required by the statute. The plaintiff has failed to establish that such failure did not constitute a "refusal" or that it was involuntary. The record amply supports the Administrative Law Judge's decision. Therefore the Commissioner's decision to suspend the plaintiff's operator's license was not contrary to law, nor was it clearly erroneous or an abuse of discretion.
Accordingly, the plaintiff's appeal is dismissed.
BY THE COURT MAIOCCO, JUDGE